In the Matter of the MAFLO HOLDING CORP., Appellant, *v.* HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Respondent.

First Department, December 15, 1964.

*Robert S. Fougner* of counsel (*McLaughlin, Fougner & Messing,* attorneys), for appellant.

*Harry Michelson* of counsel (*Beatrice Shainswit,* attorney), for respondent.

*Per Curiam.* Petitioner landlord appeals from a dismissal, on the merits, of its article 78 proceeding to review a determination of the City Rent Administrator in a rent proceeding that was brought to obtain an increase in the net annual return pursuant to section Y51–5.0 of the Administrative Code of the City of New York which provides for the granting of a rent increase where the property yields a net annual return of less than 6%. The Administrator granted a rent increase. However, such increase was arrived at by the utilization of the purchase price paid by petitioner's predecessor in title rather than the purchase price paid by petitioner.

Petitioner purchased the property on May 15, 1961 for $600,000. Its predecessor in title had purchased the property but a short time before, to wit, on February 10, 1961 for $570,000. On May 16, 1963 petitioner filed the instant application for a rent increase premised upon its purchase price of $600,000.

The reason advanced by the Administrator for her refusal to use petitioner's purchase price as the valuation base was that the $30,000 difference between the price paid by petitioner and the price paid on the prior sale but three months earlier "reflects a quick turn-over profit rather than a fair representation of additional value of the property."

The petitioner urges that the Administrator acts arbitrarily when she uniformly takes the position that all "second" higher purchase prices which are the product of either an assignment or rapid resale must be disregarded in determining the valuation base. Petitioner points to repeated instances where the Administrator rejected second sales in substantially the same language as she used to reject this one.

The law prescribes that the valuation of the property in proceedings of this type "shall be the current assessed valuation" (§ Y51–5.0, subd. g, par. [1], cl. [a], subd. cl. [1]), but it makes allowance for the Administrator, in the exercise of her discretion in certain instances, to use the purchase price rather than assessed valuation. While the purchase price may be rejected by the Administrator, it may not be disregarded. To do so would violate the spirit of the act.

Be that as it may, in this case under review, the Administrator did give consideration not only to the first purchase price but to the second as well. It may very well be that we would consider the Administrator's action herein as arbitrary if she had applied a general rule that a quick turn-over purchase price may not be used as a valuation base rather than to evaluate such purchase price in the light of the facts presented. However, we are willing to assume that in the case under review she did not merely apply such a general rule but rather that she did consider all of the facts presented in determining which purchase price was to be used.

The Administrator premised her rejection of the last sales price upon her assertion that the increase in the purchase price did not reflect an appreciation in value. Absent the determination that the prior sale represented the actual value, her assertion is without meaning. It may well be that the prior sale, and indeed, this sale, are both substantially below the actual value. However, there is nothing in the law which gives her a choice between using the assessed valuation and the actual value of the

property. The law merely grants a choice between the assessed valuation and the price paid. Thus, the alleged absence of an intervening appreciation is without significance, and is without sound economic basis. In determining whether the purchase price rather than the assessed valuation, should be accepted, the Administrator may only concern herself with whether the sale was a bona fide one and had upon normal financing terms.

It should be noted that the Administrator does not here raise the issue that the second purchase price does not meet the requisite standards for its approval. In other words, she, in effect, concedes that had there been only one sale at the price and upon the terms of the second sale she would have accepted it in the exercise of her discretion in place of the assessed valuation. Of course, that is a logical consequence of her having chosen the price of the first sale in place of the assessed valuation. That being so we must regard as arbitrary her rejection of the second purchase price solely for the reason that it is not " a fair representation of additional value of the property ".

Accordingly, the order of Special Term dismissing the petition should be reversed on the law, with costs to the appellant and the matter should be remanded to the Administrator for further proceedings not inconsistent with this opinion.

BOTEIN, P. J., BREITEL, RABIN, STEVENS and EAGER, JJ., concur.

Judgment reversed, on the law, with $50 costs to the appellant, and the matter remanded to the respondent Administrator for further proceedings not inconsistent with the opinion *Per Curiam* of this court.